# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
HANNA SAWKA as Administratrix of the Estate of JAN
SAWKA deceased, and HANNA SAWKA, Individually

Plaintiff,

-against-

MAREK BALUTOWSKI, M.D. and THE INSTITUTE
FOR FAMILY HEALTH

Defendants.
-------------------------------------------------------------------X

Index No.:

Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **JULIEN & SCHLESINGER, P.C.**, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff HANNA SAWKA resides at 54 Old State Route 213, High Falls, NY 12440.

2. On or about August 9, 2012, plaintiff's decedent JAN SAWKA expired.

3. Letters of Administration were issued to plaintiff HANNA SAWKA on or about January 25, 2013 by the Ulster County Surrogate's Court, Honorable Mary M. Work.

4. Defendant MAREK BALUTOWSKI, M.D. (hereinafter referred to as "BALUTOWSKI") was, at the time of the events described herein, a physician duly licensed to practice medicine in the State of New York.

5. Defendant BALUTOWSKI maintained an office at 279 Main Street, New Paltz, New York 12561.

6. Defendant BALUTOWSKI held himself out as a physician duly licensed to practice medicine in the State of New York.

1

7. Defendant BALUTOWSKI held himself out as specializing in the field of family medicine.

8. Defendant BALUTOWSKI held himself out to the public at large and, more particularly, to the plaintiff's decedent herein, JAN SAWKA, as a medical doctor duly qualified and competent to render requisite medical care and treatment to the public at large and, more particularly, to the plaintiff's decedent JAN SAWKA herein.

9. Defendant THE INSTITUTE FOR FAMILY HEALTH (hereinafter referred to as "FAMILY HEALTH") is a domestic not for profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant FAMILY HEALTH has a principal place of business at 16 East 16th Street, New York, 10003.

11. Defendant FAMILY HEALTH owns, operates and maintains an office at 279 Main Street, New Paltz, New York 12561.

12. Defendant FAMILY HEALTH its agents, servants and/or employees operated, maintained, managed, controlled and supervised the aforesaid premises which held itself out to the public at large and, more particularly, to the plaintiff's decedent herein as a medical center or facility duly qualified and capable of rendering adequate medical care and treatment and for such purposes hired physicians, anesthetists, doctors, nurses, attendants and other personnel.

## THE UNDERLYING FACTS

13. On or about February, 2012 and prior and subsequent thereto through on or about August 9, 2012 and prior and subsequent thereto, plaintiff's decedent came under the medical care and treatment of defendant BALUTOWSKI.

14. It was the duty of defendant BALUTOWSKI to reasonably care for, treat and supervise his patients and, more particularly, the plaintiff's decedent JAN SAWKA.

15. On or about February, 2012 and prior and subsequent thereto through on or about August 9, 2012 and prior and subsequent thereto, plaintiff's decedent came under the medical care and treatment of defendant FAMILY HEALTH.

16. It was the duty of defendant FAMILY HEALTH, its agents, servants and/or employees to reasonably care for, treat and supervise its patients and, more particularly, the plaintiff's decedent JAN SAWKA.

17. On or about August 9, 2012, plaintiff JAN SAWKA was caused to expire.

### AS AND FOR FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF HANNA SAWKA, AS ADMINISTRATRIX OF THE ESTATE OF JAN SAWKA, DECEASED

18. The medical care, diagnosis, treatment, care and services rendered to plaintiff's decedent JAN SAWKA were rendered in a careless and negligent manner, and not in accordance and conformity with proper and accepted medical practice and procedure.

19. Among other things, defendants, their servants, agents and employees were careless and negligent in the treatment rendered to decedent JAN SAWKA; in failing to take a proper medical history; in failing to perform tests or studies to determine plaintiff's decedent's cardiac condition; in failing to perform an EKG in a timely manner; in failing to perform a chest x-ray in a timely manner; in failing to refer plaintiff's decedent to a cardiologist; in failing to refer plaintiff's decedent to a specialist for further testing; in failing to take plaintiff's decedent's medical history in account in assessing his complaints, signs, and symptoms; in ignoring plaintiff decedent's complaints of chest pain; in negligently treating plaintiff decedent's complaints of chest pain; in failing to properly study and/or interpret the result of the tests, studies and imaging that were performed; in failing to properly evaluate the plaintiff's decedent in light of his medical condition; in failing to conform to and follow proper, safe and correct medical procedures; in failing to properly monitor the plaintiff's decedent's progress; in performing the medical testing in a careless and untimely fashion; in failing to follow standard and accepted medical and diagnostic practice and procedure; in failing to examine and evaluate the plaintiff's decedent's condition properly and adequately in accordance with standard and

accepted medical and diagnostic practice and procedure; in failing to properly diagnose the plaintiff's decedent's true condition; in failing to provide proper and adequate follow-up care to the plaintiff's decedent; in failing to recognize the true significance of the signs and symptoms presented by the patient; in failing to observe and take heed of the plaintiff's decedent's objective and subjective symptomatology and clinical manifestations; in causing and allowing the patient's condition to deteriorate and worsen; in failing to perform proper tests and studies; in failing to properly read and interpret the results of those tests that were taken; in failing to employ the use of such tests to render a proper, adequate, complete, true and timely diagnosis of the plaintiff's decedent's true condition; in failing to properly and adequately supervise and monitor the physicians, consultants and other staff and personnel rendering care and treatment to the plaintiff's decedent; in failing to issue proper, adequate and indicated medical orders and/or instructions; in failing to follow medical orders and/or instructions; in failing to hospitalize the plaintiff's decedent; in abandoning the plaintiff's decedent; in managing and treating the plaintiff's decedent in such a negligent and careless manner so as to cause, permit and allow the plaintiff's decedent to suffer the injuries alleged herein; in causing, permitting and allowing the conscious pain and suffering and the injuries alleged herein; in causing the untimely death of plaintiff's decedent; in failing to keep apprised and abreast of current medical literature and standards; in failing to comply with and abide by applicable laws, rules, regulations, codes, statutes and ordinances in all cases made and provided; and these defendants were otherwise careless and negligent.

20.  As a result of the carelessness and negligence of defendants as aforesaid, plaintiff's decedent JAN SAWKA was caused to sustain severe and permanent personal injuries, including, among other things: chest pain; difficulty breathing; was caused to sustain pain, agony, injury, suffering, disability, and a loss of enjoyment of life; was caused to suffer untimely death; was caused to suffer emotional pain, anguish and distress until his untimely death; and this plaintiff's decedent was otherwise damaged.

21.  By reason of the foregoing, this plaintiff is entitled to recover for all the damages suffered from the defendants pursuant to CPLR 3017(c), the amount of which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF HANNA SAWKA AS ADMINISTRATRIX OF
### THE ESTATE OF JAN SAWKA, DECEASED

22.  Plaintiff repeats, reiterates and realleges each and every allegation numbered "1" through "20" of this Complaint with the same force and effect as if more fully set forth at length herein.

23.  As a result of the aforementioned carelessness and negligence on the part of defendants, plaintiff's decedent, JAN SAWKA, was caused to die on the 9th day of August, 2012.

24.  By reason of the foregoing, plaintiff, HANNA SAWKA, and the heirs, distributees and next-of-kin whom she represents were caused to sustain pecuniary loss and injuries, loss of services and companionship and were caused to incur funeral expenses.

25.  By reason of the foregoing, plaintiff is entitled to recover all her damages from the defendants pursuant to CPLR 3017(c), the amount of which exceeds the jurisdictional limits of all lower Courts.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF HANNA SAWKA, INDIVIDUALLY

26.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" though "20," "22" through "24" herein with the same force and effect as if more fully set forth at length herein.

27.  Plaintiff HANNA SAWKA was the wife of plaintiff's decedent JAN SAWKA, and as such was entitled to his services, society, and companionship.

28.  That by reason of the foregoing, plaintiff HANNA SAWKA was deprived of the services, society and companionship of the plaintiff's decedent JAN SAWKA and shall forever be deprived of such.

29. Plaintiff HANNA SAWKA was deprived of the society, companionship, and services of her husband and was required to care for him and expend funds for his medical care and treatment.

30. By reason of the foregoing, plaintiff is entitled to recover all her damages from the defendants pursuant to CPLR 3017(c), the amount of which exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
July 23, 2014

Yours, etc.

_____
MICHELLE L. POMERANTZ
Julien & Schlesinger, P.C.
Attorneys for the Plaintiff
207 Easat 94th Street, Suite 303
New York, New York 10128
(212) 962-8020

6

## ATTORNEY'S VERIFICATION

**MICHELLE L. POMERANTZ**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am associated with the firm of Julien & Schlesinger, P.C., attorneys of record for plaintiff, HANNA SAWKA. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because plaintiff does not reside in the county wherein I maintain my offices.

DATED:    New York, New York
          July 23, 2014

_____
MICHELLE L. POMERANTZ

## ATTORNEY'S CERTIFICATION

**MICHAEL J. TAUB**, an attorney duly admitted to practice before the Courts of this State, certifies the following:

1. I am associated with the law firm of JULIEN & SCHLESINGER, P.C., attorneys of record for the plaintiff in the within action.

2. I have reviewed the facts of the case and have consulted with a physician duly licensed to practice medicine and reasonably believe that said physician is knowledgeable with respect to the relevant issues involved in this action.

3. Based upon the discussions had with the aforesaid physician, I have concluded, on the basis of my review and consultation, that there is a reasonable basis for the commencement of this action.

Dated:  New York, New York
        July 23, 2014

_____
MICHAEL J. TAUB

8